IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEPHANIE GOULD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-04225-CV-C-NKL |
| | ) |
| GARY L. PLUMMER, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Attorney Timothy V. Pickell's ("Pickell") Motion for Attorney's Fees [Doc. # 57]. Pickell requests this Court to determine an equitable apportionment of attorneys' fees granted in this case in the amount of $592,580.35. The Court awards Pickell attorneys' fees in the amount of $15,150.

**I.    Overview**

Plaintiff Stephanie Gould ("Gould") retained Pickell on June 28, 2006, to represent her and the Estate of Jeffrey Gould in connection with claims arising from a June 5, 2006, collision between Jeffrey Gould's vehicle and a Freightliner tractor-trailer. (Pickell Mot. ¶ 1). The retainer agreement provided that Pickell would earn 33-1/3% of any settlement made before filing a lawsuit and 40% of any gross settlement, verdict or recovery if a lawsuit was necessary. *Id.* ¶ 2. Gould dismissed Pickell on September 19, 2006, and

1

hired Michael Cronan and John Hastings ("Cronan") as her successor attorneys. *Id.* ¶ 5; (Pl. Ex. I). Pickell kept simultaneous time records during his period as Gould's attorney, claiming 67 attorney hours and 25 paralegal hours interviewing and preparing witnesses, negotiating with the Defendant's insurance provider, identifying experts, coordinating with the Polk County prosecutor as well as preparing Gould's file after dismissal and attempting to understand Gould's decision to dismiss him. (Itemization of Time by TVP and paralegal, 1-10). Upon discharge, Pickell copied, tabbed, organized and delivered the file to Cronan's office on October 13, 2006. *Id.* ¶ 6. On September 27, 2007, this Court entered an order approving settlement subject to certain reserved claims including those of the attorneys and the Defendant's insurance provider. (Doc. # 66). Pickell and Cronan could not reach agreement on distribution of the attorneys' fees awarded and sought an order from this Court making such a determination.

## II. Choice of Law

The order approving settlement left open the question of whether Kansas or Missouri law governed the wrongful death action. *Id.* ¶ 5. Gould resided in Johnson County, Kansas, but was killed in Polk County, Missouri. Although Missouri law governs the settlement agreement, the parties do not dispute that Gould's retainer agreement with Pickell is governed by Kansas law.[1] The parties agree that both Kansas and Missouri law apply a "quantum meruit" theory to distribution of attorneys' fees

---

[1] Cronan states that perhaps "the most difficult legal decision in this matter would be the appropriate choice of law" but does not dispute Pickell's assertion that his agreement with Gould is a "Kansas contract." (Cronan Brief, 1); (Pickell Mot. ¶ 3).

2

between prior and succeeding attorneys in the wrongful death context. (Cronan Brief ¶ 1); (Pickell Reply Brief ¶ 1). Because there is no difference between the applicable Missouri and Kansas law and because Gould and Pickell contracted in Kansas, the Court will apply Kansas law in determining an equitable apportionment of attorneys' fees.

## III.    Discussion

The reasonable value of attorney fees rests within the sound discretion of the trial court. *Hall v. Hamilton*, 667 P.2d 350 (Kan. 1983). In *Madison v. Goodyear Tire & Rubber Co.*, 663 P.2d 663 (Kan. Ct. App. 1983), the appellate court stated that "an attorney working under a contingent fee contract who is *discharged* before any money is recovered is entitled, under quantum meruit, to the reasonable value of the services rendered." *Madison*, 663 P.2d at 666. Where the contract of employment is for a stipulated fee "but their [the attorneys'] services are dispensed with before the conclusion of the litigation or other professional work for which they were engaged, the client is bound to pay what the services performed are reasonably worth." *Id*. (citing *Shouse v. Consolidated Flour Mills Co.*, 294 P. 657 (Kan. 1931)). In *Madison*, the administrative judge awarded the discharged attorney a reasonable hourly rate for the time he spent on the client's workmen's compensation claim. *Id.* at 665-666. Kansas courts have awarded "reasonable value of services" with various methods including hourly rate, *In re Harris*, 934 P.2d 965, 967 (Kan. 1997); contingent fee based upon last settlement offer received, *Stallman v. Distron Corp.*, 803 P.2d 212 (Kan. Ct. App. 1990); and, award based on significant partial success in negotiating the claim. *Herman v. Estate of Antenen*, 717

P.2d 1078 (Kan. Ct. App. 1986). The discharged attorney(s) must show that the work they performed contributed to the settlement obtained. *Johnson v. Albertson's Inc.*, 1996 U.S. Dist. LEXIS 14534 (D. Kan. 1996).

Pickell urges the Court to award him a contingent fee of 10% to 33-1/3% using as its basis the respective amounts of time each attorney spent on the matter. (Pickell Reply Brief ¶ 9). Cronan makes no specific recommendation, but submits that appropriate compensation ranges from $0 to $10,575. (Cronan Brief ¶¶ 2, 10). Cronan argues that Pickell cannot recover to the extent the services confer "no benefit on the other party." *Id.* ¶ 6 (citing *Lindsey Masonry Co. v. Danis Environmental Industries, Inc.*, 2003 U.S. Dist. LEXIS 5071 (D. Kan. 2003)). Cronan further argues that Pickell cannot recover the 13 hours spent after he was notified of his discharge nor any work Cronan duplicated because such work "does not in any way benefit the plaintiff." *Id.* ¶ 9. The courts in *In re Harris*, 934 P.2d 965, 967 (Kan. 1997) and *Madison v. Goodyear Tire & Rubber Co.*, 663 P.2d 663 (Kan. Ct. App. 1983) awarded attorneys' fees based upon the number of attorney hours actually contributed to plaintiffs' claim multiplied by a reasonable hourly rate. Pickell is not correct that adopting Cronan's reasoning would permit successor attorneys to declare some or all of the discharged attorneys' work "duplicative" and therefore deny them reasonable value for their services. (Pickell Reply Brief ¶ 4). Discretion lies with the trial court to determine fees after reviewing the evidentiary record which the Court must find contributed to plaintiff's settlement. *Johnson v. Albertson's Inc.*, 1996 U.S. Dist. LEXIS 14534 (D. Kan. 1996).

4

Based on its review of Kansas law and the evidentiary record, the Court concludes that Pickell should receive the reasonable value of his services based on an hourly rate. Awarding Pickell a contingent fee might be appropriate if he could show that he negotiated a previous settlement offer or secured a significant negotiating victory in the claim, but that did not occur in this case. While Pickell asserts that "the case was ready for mediation" when Gould discharged him, (Pickell Mot. ¶ 8) being ready for mediation does not mean that Pickell's efforts led to the successful settlement negotiated by different attorneys. In fact, the Court is not certain what "being ready for mediation" means, other than both sides had reviewed the file and were ready to begin discussions.

Furthermore, Pickell is not entitled to any fees charged after Gould dismissed him except for a reasonable fee for delivering the file to Gould, which is no more than one hour. Cronan suggests that the Court further deduct time for several dates in July, August and September which represented efforts "later duplicated by subsequent counsel or of no benefit to the plaintiff." (Cronan Brief ¶ 9). While the Court does not agree that all duplicative work must be deducted, the Court determines that Pickell's work on August 29, 2006 provided no benefit to Gould. Also, the Court has reduced the hours for contacting Tom Buchanan between September 12 and September 18 because they are excessive in relationship to the actual work accomplished. . Finally, the Court will not allow Pickell's claims for paralegal/secretarial work as that time is not itemized and is largely included in his own time entries. Pickell's claim of 67 hours is therefore reduced

5

by 16.50 hours. Cronan and Pickell agree that $300 per hour is a reasonable fee for work of this nature. (Pickell Reply Brief ¶ 6(a); Cronan Brief ¶ 10).

**IV. Conclusion**

Accordingly, it is hereby

ORDERED that Pickell's Motion for Attorneys' Fees [Doc. # 57] is GRANTED in the amount of $15,150, which represents 50.5 hours @ $300/hour.

                                                s/ NANETTE K. LAUGHREY
                                                NANETTE K. LAUGHREY
                                                United States District Judge

Dated: November 30, 2007
Jefferson City, Missouri